625 P.2d 332

**James W. MILLER, Plaintiff/Appellee,**

**v.**

**ELOIE FARMS, INC., an Arizona Corporation, Defendant/Appellant.**

**No. 2 CA–CIV 3661.**

Court of Appeals of Arizona, Division 2.

Oct. 15, 1980.

Rehearing Denied Nov. 25, 1980.

Review Denied March 4, 1981.

Platt, Jenson & Johnson, P. C. by Dennis D. Jenson, Coolidge, for plaintiff/appellee.

Stanfield, McCarville, Coxon & Fitzgibbons by Franklin D. Coxon, Casa Grande, for defendant/appellant.

## OPINION

HATHAWAY, Chief Judge.

In this appeal, we address the issue of whether strict compliance with the notice procedures of the Uniform Enforcement of Foreign Judgments Act, A.R.S. Sec. 12–1701, et seq., is a condition precedent to enforcement of a validly filed Oklahoma judgment in Arizona.

On June 15, 1979, appellee filed a certified copy of an Oklahoma deficiency judg-ment with the Clerk of the Pinal County Superior Court in Florence  Pursuant to A.R.S. Sec. 12–1703(A), appellee, as judgment creditor, filed an affidavit setting forth the name and last known addresses of the judgment debtor and creditor.  The clerk promptly mailed notice of the filing to appellant, the judgment debtor, and filed an affidavit of service to that effect under A.R.S. Sec. 12–1703(B).[1]  The notice was returned to the clerk's office marked "Not Deliverable As Addressed Unable to Forward."  Appellee failed to send a notice of the filing to appellant and to file proof of such mailing as required by A.R.S. Sec. 12–1703(B).

On February 5, 1980, appellant filed a motion to set aside the Oklahoma judgment under 16 A.R.S., Rules of Civil Procedure, rule 60(c), asserting that because appellee did not satisfy the notice requirements of A.R.S. Sec. 12–1703(B), the Oklahoma judgment must be set aside.  Appellant attached exhibits and affidavits showing that it had a meritorious defense to the Oklahoma judgment.

Following an order denying appellant's motion to set aside the default judgment, and a ruling that the Oklahoma judgment filed on June 15, 1979, was effective, appellant brought this appeal.  We affirm.

Appellant's rule 60(c) motion was properly denied under *Jones v. Roach*, 118 Ariz. 146, 575 P.2d 345 (App.1977).  Foreign judgments may only be attacked in Arizona by a rule 60(c) motion if the rendering court lacked jurisdiction over the person or subject matter, the judgment was obtained through lack of due process, the judgment was the result of extrinsic fraud, or if the judgment was invalid or unenforceable. *Phares v. Nutter*, 125 Ariz. 291, 609 P.2d 561 (1980).  The "meritorious defense" presented by appellant did not raise any of these issues, and the Full Faith and Credit Clause of the United States Constitution requires that we recognize the Oklahoma judgment as final.

1. A.R.S. Sec. 12–1703(B) states:
   "... the clerk shall mail notice of the filing of the foreign judgment to the judgment debtor ...  In addition, the judgment creditor shall mail a notice of the filing of the judgment to the judgment debtor ...."

■ Under the facts of this case, the failure to follow the statutory notice procedures is not fatal to the judgment. There is abundant evidence that appellant's statutory agent was aware that the Oklahoma judgment had been filed in Pinal County long before the rule 60(c) motion was filed.

Affirmed.

HOWARD and RICHMOND, JJ., concur.