■ SHINE, JULIANELLE, KARP, BOZELKO & KARAZIN, P. C., Respondent, v RICHARD RUBENS et al., Appellants. [596 NYS2d 20] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered January 9, 1992, which denied defendants' motion to vacate a Connecticut judgment filed with the Bronx County Clerk, unanimously affirmed, with costs and disbursements.

Plaintiff law firm commenced this action in Connecticut to collect a fee. Defendants appeared *pro se,* interposing an answer that asserted, *inter alia,* lack of jurisdiction. According to plaintiff, when the case was called for trial, defendants failed to appear and defend, whereupon plaintiff was awarded judgment after a hearing was held to assess damages. Approximately five months later, on June 18, 1990, plaintiff filed a copy of the judgment in the Bronx County Clerk's office pursuant to CPLR 5402 and, on July 9, 1990, mailed a notice of filing to defendants pursuant to CPLR 5403. 4438 Douglas Avenue, Riverdale, New York, was specified in the notice of filing as defendants' address and in the accompanying affidavit as defendants' "last known address". However, according to the affidavit of service, defendants were served at 969 Third Avenue, New York, New York, the mailing address they used in the Connecticut litigation. Defendants claim that they were unaware that plaintiff had taken any action against them until February 26, 1991, when they received an execution notice from the Sheriff.

There is no merit to defendants' contention that, contrary to the requirement of CPLR 5401, the Connecticut judgment was obtained by a default in appearance. Defendants appeared in

the Connecticut action by interposing an answer and jurisdiction, once conferred over them, was not divested by their failure to appear in the later stages of the proceeding *(Summerour & Assocs. v Bradhill Indus.,* 91 AD2d 902). Although preserving an issue as to jurisdiction in their answer, defendants defaulted on that challenge as well when they thereafter failed to appear. Thereafter, the judgment was properly filed with the Bronx County Clerk, pursuant to CPLR 5402 (a).

While the failure to serve defendants with the notice of filing at their "last known address" constituted a technical violation of CPLR 5403, the court did not err in denying defendants' motion to vacate the judgment. First of all, "[t]he mailing of notice of filing to the judgment debtor is not a jurisdictional act" (6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5403.01); "[a]ll that the judgment debtor can complain about is a want of jurisdiction, not in New York where he has property, but in the court which rendered the judgment" (Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C5403:2). Moreover, defendants suffered no prejudice from the improper service since at the time they received the Sheriff's notice of execution they had the same remedies available—to raise objections of lack of jurisdiction and fraud or to have the judgment discharged if it had been satisfied—that they had when the notice of filing was improperly served on the Third Avenue address. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.