**TRI–STEEL STRUCTURES, INC., Appellant,**

v.

**James HACKMAN and Cynthia Hackman, Appellees.**

No. 2–93–252–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 30, 1994.

Rehearing Denied Oct. 11, 1994.

Richard H. Kelsey, P.C., Denton, for appellant.

Stephen E. Reese, P.C., Denton, for appellees.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

FARRIS, Justice.

Tri–Steel Structures, Inc. (Tri–Steel) appeals by writ of error from the domestication of a California judgment in favor of the Hackmans. In three points of error, Tri–Steel claims: (1) the Texas trial court had no jurisdiction to establish the California judgment because of inadequate notice; (2) the notice provisions of the Uniform Enforcement of Foreign Judgments Act (the Act), Chapter 35 of the Texas Civil Practice and Remedies Code, are not sufficient to meet the minimum standards of due process and are therefore unconstitutional; and (3) there was no or insufficient evidence of a valid foreign judgment. We find no error in the Texas filing of the foreign judgment and affirm.

A final judgment of a sister state must be given the same force and effect it would be entitled to in the state in which it was rendered. U.S. CONST. art. IV, § 1. In Texas, the enforcement of foreign judgments is governed by the Texas version of the Uniform Enforcement of Foreign Judgments Act. TEX.CIV.PRAC. & REM.CODE ANN. § 35.-001, et seq. (Vernon 1986). Sections 35.004 and 35.005 govern the notice to be given when a foreign judgment is filed; they read as follows:

§ 35.004. Affidavit; Notice of Filing

(a) At the time a foreign judgment is filed, the judgment creditor or the judgment creditor's attorney shall file with the clerk of the court an affidavit showing the name and last known post office address of the judgment debtor and the judgment creditor.

(b) The clerk shall promptly mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall note the mailing in the docket.

(c) The notice must include the name and post office address of the judgment creditor and if the judgment creditor has an attorney in this state, the attorney's name and address.

§ 35.005. Alternate Notice of Filing— Judgment Creditor

(a) The judgment creditor may mail a notice of the filing of the judgment to the judgment debtor and may file proof of mailing with the clerk.

(b) A clerk's lack of mailing the notice of filing does not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.

Id. Tri–Steel alleges that these provisions are not sufficient to meet the minimum stan-

dards of due process, and further, that the notice it received under these provisions was inadequate.

The Hackmans obtained a judgment against Tri–Steel on December 18, 1992 in California. On May 27, 1993, they filed a Notice of Filing of Foreign Judgment in the 211th District Court of Denton County. Accompanying this notice was the affidavit required under section 35.004; it showed the last known postoffice address of the judgment debtor as 5400 South Stemmons Freeway, Lake Dallas, Texas 76257. The district clerk mailed the notice of the filing of the foreign judgment to the judgment debtor at this address, but it was returned on June 8, 1993 marked "no such number." In accordance with section 35.006, the Hackmans also included a proof of mailing with the original filing of the notice. The mailing was to the same address, by certified · mail number P 420 692 *280*, return receipt requested. There is nothing in the record to show whether this notice was received or was also returned. Tri–Steel claims it was not received. A signed Domestic Return Receipt, more commonly known as the postal "green card" and an accompanying Receipt for Certified Mail displaying the number P 420 692 *302*, show delivery of an item to Tri–Steel at 5400 S. Stemmons, Corinth, Texas 76205, on June 9, 1993. Noted on the Receipt for Certified Mail are the words, "Notice of Filing Foreign Jdmt.," and the green card is signed, but the signature is illegible. Again, no other item in the record reflects this same number to verify that the notice was sent, and Tri–Steel remains steadfast that it never received notice.

■ On July 14, 1993, the Hackmans filed an Application for Writ of Garnishment After Judgment. Another Receipt for Certified Mail and green card within the record note that the application was sent to Tri–Steel at the Corinth address. The green card shows it was received on the 19th, and it bears the same illegible signature. Tri–Steel does not acknowledge the receipt of this notice, but admits learning about the filing of the foreign judgment and the garnishment after the garnishment writ was served on the First State Bank of Denton on July 16, 1993. Thereafter, on July 22, 1993, Tri–Steel filed a Motion for Stay of Execution, Garnishment, or Collection, and a Motion for New Trial, objecting to the establishment of the Foreign Judgment. The new trial was overruled by operation of law, and Tri–Steel brought this appeal by writ of error.[1]

■ In an appeal by writ of error, the petitioner must (1) file the writ within six months after the final judgment is signed, (2) be a party to the lawsuit, (3) not have participated in the actual trial of the case, and (4) show error apparent from the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985). . In reviewing a writ of error, this court will not presume valid issuance, service, or return of citation. *McKanna v. Edgar,* 388 S.W.2d 927, 928–29 (Tex.1965). This court will neither apply the usual presumption that a judgment is valid. *Id.*

■ As the above facts reveal, the certified mail receipts and the green cards do not conclusively show that Tri–Steel received notice. However, the Act does not require proof that the judgment debtor received the notice; in fact, it does not require that the judgment debtor actually receive notice, it only requires that it be sent by regular mail in one of two ways. TEX.CIV.PRAC. & REM. CODE ANN. §§ 35.004, 35.005 (Vernon 1986). This record shows the notice was mailed in accordance with both sections of the Act, both by the clerk and the judgment creditor who filed a proof of mailing with the clerk. *Id.* The notice requirements of the Act were followed, but because the address was incor-

---

1. Tri–Steel asserts that because the foreign judgment was filed on May 27, 1993, its Motion for New Trial was actually filed outside the thirty-day plenary power period of the trial court and therefore, the trial court did not have jurisdiction to receive and consider the motion. The Hackmans correctly point out that under TEX.R.CIV.P. 306a(4), if a party adversely affected by a judgment has not received notice within twenty days after the judgment is signed, then the time period for the court's plenary power does not begin to run until the date the party receives notice or acquires actual knowledge. In its motion, Tri–Steel made the court aware that it had not received notice, thus staying the plenary power time period, so we must assume the trial court chose to let the motion be overruled by operation of law.

rect, the notice was not received. Tri–Steel now asks this court to vacate the judgment establishing the foreign judgment and also to declare these notice provisions unconstitutional.

The issue of adequate notice is one of first impression here in Texas. Tri–Steel cites us to cases, including a United States Supreme Court case, to support its position that the inadequate notice violated "the most rudimentary demands of due process of law" and warrants our reversal. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988); *see generally Malone v. Emmert Indus. Corp.*, 858 S.W.2d 547 (Tex.App.—Houston [14th Dist.] 1993, writ denied). However, in these cases, and many like them, the inadequate notice occurred when the original underlying suit was filed, not in relation to any post-judgment proceeding, such as here. *Id.* In our case, Tri–Steel not only received notice of the California suit, but also filed an answer to it; therefore, this line of cases is not applicable.

Because this case involves a Uniform Act, we looked for guidance from other jurisdictions with similar enactments. Few jurisdictions have addressed this problem, but a similar case was handled by the New York Supreme Court, Appellate Division. In *Shine, Julianelle, Karp, Bozelko & Karazin, P.C. v. Rubens*, 192 A.D.2d 345, 596 N.Y.S.2d 20 (1993), the notice of filing of a foreign judgment was sent to an improper address and the judgment debtors claimed they were not made aware of the action until eight months later when they were served with an execution notice from the sheriff. *Id.* at 345, 596 N.Y.S.2d 20. The New York court, in affirming the establishment of the judgment, noted that it had been properly filed and while the failure to serve the judgment debt-

ors at their last known address "constituted a technical violation" of the Act, it did not require vacating the judgment. *Id.* at 346, 596 N.Y.S.2d 20. The court reasoned that "the mailing of notice of filing to the judgment debtor is not a jurisdictional act [because] all that the judgment debtor can complain about is a want of jurisdiction, not in [the state] where he has property, but in the court which rendered the judgment." *Id.* The court further reasoned that the judgment debtor "suffered no prejudice from the improper service since at the time they received the Sheriff's notice of execution they had the same remedies available—to raise objections of lack of jurisdiction and fraud or to have the judgment discharged if it had been satisfied—that they had when the notice of filing was improperly served on the [incorrect] address." *Id.*

■■■■ We agree with the reasoning of the New York court and adopt it here. If Tri–Steel had any defenses to raise, it could have done so in the motion for new trial or may still do so in a bill of review.[2] The technical violation of the Act has not kept Tri–Steel from a course of redress, should there be one. We therefore overrule Tri–Steel's first point of error, finding the court did not err in entering the foreign judgment.

■■■■ Tri–Steel asserts in its second point of error that the notice provisions of the Act are not sufficient to meet the minimum standards of due process, thus rendering the statute unconstitutional as written or as applied. Tri–Steel points out that the Act does not require actual service, service by certified mail or proof of service and claims it is therefore not reasonably calculated under all circumstances to apprise the interested parties of the pendency of the action and to afford them an opportunity to present their

2. A party can seek relief by bill of review while simultaneously pursuing an appeal by writ of error if the issues raised in the petition for bill of review cannot be reviewed on direct appeal or in a petition for writ of error because they concern matters outside the record. *See Voskamp v. Arnoldy*, 749 S.W.2d 113, 127–28 (Tex.App.—Houston [1st Dist.] 1987, writ denied); *First Nat'l Bank v. Kelley*, 278 S.W.2d 350, 351 (Tex.Civ. App.—Eastland 1955, no writ). The standard elements that must be pleaded by a party seeking

a bill of review are: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) justification for failure to raise the defense based on extrinsic fraud, accident, or wrongful act of the opposing party; and (3) due diligence, *i.e.*, absence of fault or neglect on the part of the party seeking the bill. *Hanks v. Rosser*, 378 S.W.2d 31, 34 (Tex.1964); *Alexander v. Hagedorn*, 148 Tex. 565, 568–69, 226 S.W.2d 996, 998 (1950).

objections. Due process mandates that the debtor be given an opportunity to rebut the presumption that a foreign judgment is entitled to full faith and credit. *Schwartz v. F.M.I. Properties Corp.,* 714 S.W.2d 97, 100 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Section 35.003 of the Act makes it clear that a filed foreign judgment is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court which establishes it. TEX.CIV.PRAC. & REM.CODE ANN. § 35.006 (Vernon 1986). As we already addressed above, there are several avenues available to the judgment debtor to challenge the judgment, even where notice has been defective. While at least one other jurisdiction has incorporated the notice provisions of its local rules of civil procedure into the Act, the Texas legislature did not. See N.C.GEN.STAT. 1C–1704(a) (1990 Cumm. Supp.). If we were to sustain Tri–Steel's point and hold that the notice provisions of the Act are inadequate and must give way to the notice provisions of our rules of civil procedure, it would constitute impermissible judicial legislating. *See Plastics Eng'g, Inc. v. Diamond Plastics Corp.,* 764 S.W.2d 924 (Tex.App.—Amarillo 1989, no writ), *overruled on other grounds, Don Docksteader Motors, Ltd. v. Patal Enterprises, Ltd.,* 794 S.W.2d 760, 761 (Tex.1990). Further, because Tri–Steel still had a manner of recourse even after the defective notice, it has failed to show it suffered any harm as a result of the notice provisions of the Act. Where there is no harm, this court should not pass upon the validity of the statute. *Hill Country Spring Water v. Krug,* 773 S.W.2d 637, 641 (Tex.App.—San Antonio 1989, writ denied), *citing Ashwander v. Tennessee Valley Auth.,* 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936). Tri–Steel's second point is overruled.

In its final point, Tri–Steel claims there was no evidence or insufficient evidence that the foreign judgment was valid. It asserts that the authentication certificate fails to identify the clerk of the California court and thus fails to meet the authentication requirements of TEX.R.CIV.EVID. 902(2). In this case, the judgment was certified by both the clerk and the judge of the court, but the judge failed to fill in the blank identifying the clerk of the court. The clerk's identity is established on the certification, and the judge certified that the clerk properly certified the judgment. Under Rule 902(2), a public document may be introduced without extrinsic evidence of authenticity when (1) it purports to bear the signature in his or her official capacity of an officer or employee of any state, district, commonwealth, territory, possession, etc., and (2) a public officer having a seal and having official duties in the state, district, etc., or an employee certifies under seal that the signer has the official capacity and that the signature is genuine. *Id.* Here, the authentication certificate purports to bear the signature of the clerk, an officer or employee of the district, and the judge then certified that the clerk properly certified the judgment. We find the requirements of Rule 902(2) were met and overrule Tri–Steel's final point.

The judgment of the trial court establishing the foreign judgment in Texas is affirmed.