**STATE INC.**, assignee of the Federal Deposit Insurance Corporation, in its corporate capacity, as Liquidator of Guaranty State Bank of St. Paul, Minnesota, **Respondent,**

v.

**SUMPTER & WILLIAMS,**
et al., Defendants,

**Odell Sumpter, Appellant.**

**No. CX–96–361.**

Court of Appeals of Minnesota.

Sept. 24, 1996.

Review Denied Nov. 20, 1996.

Valdis A. Silins, Peterson, Tews & Squires, P.A., Minneapolis, for Respondent.

Odell Sumpter, Jr., Minneapolis, Appellant pro se.

Considered and decided by NORTON, P.J., and LANSING and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Appellant Odell Sumpter challenges the denial of his motion to vacate a federal judgment, arguing that clerical errors in docketing the judgment in Hennepin County district court rendered the federal judgment void. We affirm.

## FACTS

Pursuant to a March 22, 1989 federal district court order, judgment was entered in the amount of $234,220.87 in favor of the Federal Deposit Insurance Corporation (FDIC) against appellant Odell Sumpter and Charles Williams jointly and severally,[1] for copartnership debts. A subsequent foreclosure sale produced a $170,000 credit against the judgment, but no partial satisfaction was filed reducing the amount of the judgment. FDIC later assigned its judgment creditor interest to respondent State, Inc. (State). As assignee, State entered a settlement agreement with Charles Williams releasing him from the judgment in exchange for $7,500.

On July 22, 1992, State filed a copy of the federal judgment in Hennepin County district court. State also filed affidavits identifying itself as the judgment creditor and

---

1. Charles Williams is not a party to this action.

Sumpter as the judgment debtor, and filed a copy of the FDIC assignment. The court administrator mailed Sumpter a notice of the filing of the foreign judgment; the notice, however, misidentified FDIC as the judgment creditor. On August 17, 1992, the federal judgment was docketed in the district court.

In July 1993, Sumpter and State entered an agreement to settle the judgment for $20,000. Sumpter paid State $15,000 and agreed to pay the remaining $5,000 by July 29, 1994; if Sumpter failed to make this last payment, however, the entire judgment would remain outstanding. Sumpter failed to pay the final $5,000 by the deadline.

In October 1995, Sumpter moved the Hennepin County district court to vacate the judgment and determine the actual amount owed to State. In November 1995, State filed a partial satisfaction of the judgment, which showed that $63,411.20 remained to be paid. The district court denied the motion to vacate, ruled that the judgment had been effectively docketed, and found that the amount of the judgment residue was $63,411.20 as of November 10, 1995. The district court also amended the judgment *nunc pro tunc* to list State as the judgment creditor. Sumpter now appeals the denial of his motion to vacate the judgment.

## ISSUES

1. Did the district court err in denying a motion to vacate the judgment because of docketing errors?

2. Did the district court abuse its discretion in amending the judgment to show the proper judgment creditor and the amount owed?

3. Did the district court err in determining the amount owed by the judgment debtor?

## ANALYSIS

■ The facts of this case being undisputed, only questions of law are presented. Our standard of review is therefore de novo. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

■ 1. In the district court, Sumpter argued that the judgment should be vacated because the correct judgment creditor was not identified in the notice of the filing of the foreign judgment. The relevant provisions of the Uniform Enforcement of Foreign Judgments Act (UEFJA) are as follows:

> A certified copy of any foreign judgment may be filed in the office of the court administrator of any district court of this state. The court administrator shall treat the foreign judgment in the same manner as a judgment of any district court or the supreme court of this state * * *. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a district court or the supreme court of this state, and may be enforced or satisfied in like manner.

Minn.Stat. § 548.27 (1994).

> Subdivision 1. At the time of the filing of the foreign judgment, the judgment creditor or the creditor's lawyer shall make and file with the court administrator an affidavit setting forth the name and last known post office address of the judgment debtor, and the judgment creditor.
>
> Subd. 2. Promptly upon the filing of the foreign judgment and the affidavit, the court administrator shall mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall make a note of the mailing in the docket. The notice shall include the name and post office address of the judgment creditor and the judgment creditor's lawyer, if any, in this state. In addition, the judgment creditor may mail a notice of the filing of the judgment to the judgment debtor and may file proof of mailing with the court administrator. Failure of the court administrator to mail notice of filing shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.

Minn.Stat. § 548.28 (1994).

Sumpter argues that the errors in the docketing of the federal judgment render that judgment void. Sumpter also contends that the deficient docketing precluded district court jurisdiction. Sumpter alleges two

specific errors: (1) the docketed judgment was for $234,220.87, whereas the actual amount owed was much less; and (2) the notice of filing did not identify State as the judgment creditor.

We reject these arguments. First, although payments had been made reducing the amount owed on the judgment, the judgment itself remained in the amount of $234,220.87. The statute requires that a certified copy of the foreign judgment be filed, and State complied with that requirement. Thus, the docketing of a judgment in the amount of $234,220.87 was not erroneous.

■ Second, the misidentification of a judgment creditor in the notice of filing does not render the underlying judgment void, thereby permitting the district court to vacate it. Rule 60.02, which allows a district court to vacate a judgment, does not apply to foreign judgments as it does to Minnesota judgments, despite the language of section 548.27. *Matson v. Matson,* 333 N.W.2d 862, 867 (Minn.1983); *see also* Minn. R. Civ. P. 60.02. "Thus, foreign judgments are seldom subject to vacation except by the rendering court." *United Bank of Skyline v. Fales,* 395 N.W.2d 131, 133 (Minn.App.1986) (citing *Matson,* 333 N.W.2d at 867), *aff'd,* 405 N.W.2d 416 (Minn.1987).

The Minnesota Supreme Court has also held that irregularities which make a judgment voidable can be considered only by the court rendering the judgment.

*Id.* (citing *Jensen v. Murray,* 250 Minn. 568, 570–71, 85 N.W.2d 825, 827 (1957)); *see also Matson,* 333 N.W.2d at 868 (an irregularity in a foreign judgment does not provide grounds to vacate the judgment).

Moreover, the language of the UEFJA supports denial of Sumpter's motion to vacate. Section 548.28 suggests that the failure of the court administrator to mail any notice at all may affect the *enforceability* of the foreign judgment; the *validity* of the judgment, however, is not questioned. *See* Minn. Stat. § 548.28, subd. 2. The UEFJA also states:

The right of a judgment creditor to bring an action to enforce a judgment instead of proceeding under [the UEFJA] remains unimpaired.

Minn.Stat. § 548.31 (1994).

Although our review of Minnesota caselaw suggests that this issue is one of first impression, it is notable that Sumpter's position has been rejected by the courts of other states. *See* Minn.Stat. § 548.32 (1994) (UEFJA should be construed to effect general purpose to make law uniform among states adopting it). In *Miller v. Eloie Farms, Inc.,* 128 Ariz. 269, 625 P.2d 332 (Ariz.Ct.App.1980), the court held the failure to comply with the UEFJA's notice requirements were not fatal to the underlying judgment. *Id.* 625 P.2d at 334. In *Shine, Julianelle, Karp, Bozelko & Karazin, P.C. v. Rubens,* 192 A.D.2d 345, 596 N.Y.S.2d 20 (1993), the notice contained the wrong address for the creditor. *Id.* 596 N.Y.S.2d at 21. The court held that such a technical violation of the notice requirements did not provide sufficient grounds to vacate the judgment and that the mailing of notice was not a jurisdictional act. *Id.* The court also noted that the debtor had not suffered any prejudice because he could have attacked the underlying judgment in the foreign court at any time. *Id.*

■ We conclude that an error in docketing a foreign judgment does not affect the validity of the judgment itself. Therefore, the district court properly denied appellant's motion to vacate the judgment.

■ 2. Rather than vacate the judgment, the district court corrected the docketed judgment to name State as the judgment creditor and $63,411.20 as the proper amount owed. Sumpter argues that the district court abused its discretion in correcting the judgment.

State complied with Minn.Stat. § 548.28, subd. 1, by filing affidavits correctly identifying itself as the judgment creditor; it also filed a copy of the assignment from FDIC. Nonetheless, the notice of filing sent by the court administrator misidentified FDIC as the creditor. State attributed this clerical error to the court administrator. Sumpter, however, asserts that State bears ultimate responsibility to provide him with proper notice of filing. In support of his position,

Sumpter relies on the following UEFJA provision:

Failure of the court administrator to mail notice of filing shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.

Minn.Stat. § 548.28, subd. 2. Sumpter contends that because the court administrator failed to mail the proper notice and because State did not mail a separate notice to appellant, the judgment is unenforceable.

The district court found that (1) the court administrator *did* mail a notice of filing here, although it was not completely accurate; (2) State did provide the court administrator with the correct information; and (3) Sumpter had knowledge of the assignment. In *Concannon v. Hampton,* 584 P.2d 218 (Okla. 1978), the court held that a docketed judgment was still enforceable notwithstanding the notice of filing gave an incomplete address for the judgment creditor. *Id.* at 221. The court stressed the purpose of the notice requirement is to assure notice to the judgment to the debtor. *Id.*

■ The district court correctly ruled that the error in identifying the creditor was not fatal to the docketing of the federal judgment, given the fact that Sumpter had knowledge of the assignment. Accordingly, the district court did not abuse its discretion in finding the error to be clerical and in correcting the judgment as docketed. *See* Minn. R. Civ. P. 60.01 (clerical mistakes in judgments arising from oversight or omission may be corrected by the court). In addition, because State filed a partial satisfaction, the district court did not err in correcting the judgment to reflect the actual amount still owed.

■ 3. Finally, Sumpter argues that the district court erred in determining the amount outstanding on the judgment. Sumpter argues that when State settled with and released co-judgment debtor Williams, the judgment was reduced by a proportional share (i.e. one-half). Sumpter relies on section 548.21:

A creditor who has a debt, demand, or judgment against a copartnership, or several joint obligors, promisors, or debtors, may discharge one or more of such copart-

ners, obligors, promisors, or debtors, without impairing the creditor's right to recover the residue of the debt or demand against the others, or preventing the enforcement of the *proportionate share* of any undischarged under such judgment. The discharge shall have the effect of a payment by the party discharged of the party's *equal share of the debt,* according to the number of debtors, aside from sureties.

Minn.Stat. § 548.21 (1994) (emphasis added). This statute, however, is inapplicable here because Sumpter and Williams were liable jointly *and severally* on the judgment. When parties are jointly and severally liable the creditor may demand payment or sue one or more of the parties separately for the full amount of the liability. *See* Minn.Stat. § 548.20 (1994). Therefore, Sumpter may be held liable for the entire outstanding balance.

State computed the amount due as of November 10 by taking the amount of the original judgment, subtracting payments of $170,000 from the foreclosure sale, $7,500 from Williams, and $15,000 from Sumpter, and adding accrued interest at the proper rate since the date of the judgment. Sumpter offered no evidence to contradict State's calculations. We conclude that the district court did not err in determining the amount still owed by Sumpter.

## DECISION

The district court correctly held that the misidentification of the judgment creditor and insertion of the unreduced original amount of the judgment did not affect the validity of the foreign judgment. The district court properly corrected the judgment and found appellant liable for the judgment residue as a joint and several obligor.

**Affirmed.**