**THE CADLE COMPANY II, INC., Plaintiff–Appellant,**

v.

**Raymond HUBBARD and Holly Hubbard, Defendants– Respondents.**

**No. SD 30510.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 28, 2010.

David Paul Renovitch, Clayton, MO, for Appellant.

John F. Scott, Poplar Bluff, MO, for Respondents.

JEFFREY W. BATES, Judge.

The Cadle Company II, Inc. (Cadle) appeals from a judgment denying Cadle's request to register a judgment pursuant to Rule 74.14.[1] The trial court dismissed the case with prejudice and entered judgment for defendants Raymond and Holly Hubbard (referred to collectively as Defendants and individually by their given names). The court decided that Cadle had not complied with the requirements of Rule 74.14. The judgment is reversed, and the cause is remanded.

On June 4, 2009, Cadle filed a petition to register a foreign judgment. The petition alleged that Cadle had obtained a judgment against Defendants in California state court and that the judgment remained unsatisfied. An authenticated copy of the judgment was attached to the petition. The petition also had attached to it an affidavit from Cadle's counsel. The affiant provided Cadle's name and address and a last known address for Defendants on Rocky Branch Lane in Poplar Bluff, Missouri.

According to the docket sheet, Raymond and Holly were each sent a notice of registration of foreign judgment by the circuit clerk on June 5, 2009. The docket entry states: "Notice of Registration[.] Document ID: 09–NFFJ–4, for HUBBARD, RAYMOND N; Document ID: 09–NFFJ–5, for HUBBARD, HOLLY G; Notice of registration of foreign judgment sent by certified mail." On June 9, 2009, the clerk noted on the docket sheet that individual certified-mail return receipts had been received from Raymond and Holly. The court file contains a copy of the notice of registration sent to Holly. This document is titled "Notice of Filing of Foreign Judg-

ment[.]" It was signed by a Butler County deputy clerk and stated that "[e]nclosed is a copy of a foreign judgment registered in this court under Supreme Court Rule 74.14. This notice is being mailed to you in compliance with Supreme Court Rule 74.14(c)." The document lists Holly's address as 118 Rocky Branch Lane, Poplar Bluff, Missouri. The bottom left corner of this document contains the following description: "OSCA (4–99) CV170 (NFFJ)." For reasons unexplained by the record, the court file does not contain a copy of the notice of filing of foreign judgment form sent to Raymond.

On June 16, 2009, attorney John Scott (Scott) entered his appearance for Defendants. That same day, Scott filed Defendants' objections to the petition to register the foreign judgment. In relevant part, the objections stated that "[Cadle] has failed to comply with Rule 74.14 in attempting to register this foreign Judgment." In subsequent suggestions sent to the judge, Scott argued that "Plaintiff did not follow Rule 74.14 as it pertains to providing certain notices and certain verifications of the underlying judgment. Specifically, Plaintiff failed to provide the properly authenticated Judgment and has failed to provide proper notice to Defendants."

On March 15, 2010, the trial court dismissed the case with prejudice and entered judgment for Defendants. The judgment states that "UPON review of the file, legal memoranda and Motions, along with arguments of counsel, the Court finds that Plaintiff has not complied with Supreme Court Rule 74.14...." This appeal followed.[2]

---

1.  All references to rules are to Missouri Court Rules (2009). All references to statutes are to RSMo Cum.Supp. (2008) unless otherwise specified.

2.  A judgment denying registration of a foreign judgment is appealable pursuant to § 511.760.11 RSMo (2000); *Acclaim Systems,*

On appeal, we review *de novo* the trial court's legal conclusion that the California judgment could not be registered because Cadle failed to comply with Rule 74.14. *Miller v. Dean,* 289 S.W.3d 620, 624 (Mo.App.2009); *Big Tex Trailer Mfg., Inc. v. Duff Motor Co., Inc.,* 275 S.W.3d 384, 386 (Mo.App.2009). The trial court based its decision upon the docket entries and documents in the court file. On appeal, we independently review those entries and documents to reach our own conclusions about their legal effect. *See Doctor's Associates, Inc. v. Duree,* 30 S.W.3d 884, 887 (Mo.App.2000).

Rule 74.14 is the procedural rule governing the enforcement of foreign judgments in Missouri. This rule is based upon the 1964 version of the Uniform Enforcement of Foreign Judgments Act (UEFJA). 13 Uniform Laws Annotated 155 (West 2002); *Lewis v. Roskin,* 895 S.W.2d 190, 199 (Mo. App.1995). Cadle argues that it complied with Rule 74.14 and that the trial court's contrary ruling was erroneous. We agree.

The judgment does not explain in what manner Cadle failed to comply with Rule 74.14. Below, Defendants argued that the California judgment was not properly authenticated and that they did not receive proper notice.

We first address the authentication issue. In relevant part, Rule 74.14(b) states that "[a] copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court of this state." In order to be properly authenticated, a foreign judgment must bear the attestation and seal of the clerk of the court and be certified by a judge. *See* 28 U.S.C.A. § 1738 (West 2006); § 490.130; *Food Services Corp. v. Rheam,* 145 S.W.3d 484, 489 (Mo.App. 2004). We have examined the copy of the California judgment in the legal file, and it meets these authentication requirements. Thus, the trial court could not have properly relied upon the alleged lack of authentication as a basis for denying Cadle the right to register the California judgment.

We next address the notice issue. After the filing of the foreign judgment and a required affidavit, the circuit clerk is required to mail a notice to the judgment debtor and make a note of the mailing in the docket. Rule 74.14(c)(2). Based upon our review of the docket sheet, both of those actions were taken. The June 5th docket entry states that Raymond and Holly were each sent a notice of filing of foreign judgment form by certified mail, which gave them notice of the registration. On June 9th, the clerk noted in the docket that individual certified-mail return receipts had been received from Raymond and Holly. Accordingly, we hold that Defendants received the notice to which they were entitled from the circuit clerk.[3]

Defendants argue, however, that the trial court could properly deny regis-

---

*Inc. v. Lohutko,* 247 S.W.3d 601, 604 (Mo. App.2008).

**3.** Defendants also argue that the judgment should be affirmed because Cadle did not send notice directly to the judgment debtors or their attorney. The first argument fails because Rule 74.14(c)(2) does not require the judgment creditor to provide notice to the judgment debtor. Instead, the rule states that "the judgment creditor may mail a notice of the filing of the judgment to the judgment debtor and may file proof of mailing with the clerk." The use of the word "may" in this rule indicates that action by the judgment creditor is permissive, rather than mandatory. *See Lorenzini v. Short,* 312 S.W.3d 467, 471 (Mo.App.2010). The second argument fails because Rule 74.14(c) does not require either the circuit clerk or the judgment creditor to send the notice of the filing of the foreign judgment to a judgment debtor's attorney.

tration of the California judgment because the Missouri court file does not contain a copy of the notice of filing of foreign judgment form that was mailed to Raymond. We find no merit in this argument. As noted above, Rule 74.14 is based upon the 1964 version of the UEFJA. We are required to interpret and construe Rule 74.14 so as to effectuate its general purpose to make uniform the law of those states that adopt the UEFJA. Rule 74.14(f). In other states that have adopted the UEFJA, their appellate courts have held that the purpose of the notice requirement is simply to give the judgment debtor notice of the filing of the foreign judgment. *See, e.g., Nix v. Cassidy,* 899 So.2d 998, 1001 (Ala.Civ.App.2004); *State, Inc. v. Sumpter & Williams,* 553 N.W.2d 719, 723 (Minn.Ct.App.1996); *Concannon v. Hampton,* 584 P.2d 218, 221 (Okla.1978). When the judgment debtor has actual knowledge of the filing, the failure of the clerk and/or the judgment creditor to follow the notice provisions in the UEFJA is not prejudicial and provides no basis for a trial court to prohibit registration of the foreign judgment. *See, e.g., Miller v. Eloie Farms, Inc.,* 128 Ariz. 269, 625 P.2d 332, 333 (Ariz. Ct.App.1980); *In re Mead,* 374 B.R. 296, 301–03 (Bankr.M.D.Fla.2007); *Sparaco v. Sparaco,* 309 A.D.2d 1029, 765 N.Y.S.2d 683, 685–86 (N.Y.App.Div.2003). We agree with the foregoing decisions and interpret Rule 74.14(c) in like fashion. The record in this case conclusively establishes that, one week after the circuit clerk noted on the docket that certified-mail return receipts had been received from Raymond and Holly, Scott entered his appearance for Defendants and filed objections to registration of the foreign judgment on their behalf. Assuming *arguendo* that Raymond did not receive the same notice form that was mailed to Holly, there was no prejudice because Raymond had actual knowledge of the filing of the California judgment. *See Lewis v. Roskin,* 895 S.W.2d 190, 199 (Mo.App.1995) (holding that the clerk was not required by Rule 74.14(c) to mail notice of the filing of the foreign judgment to the judgment debtor because he was the person who filed the foreign decree). Thus, the trial court could not have properly relied upon the absence of the notice of filing of foreign judgment form in the court file as a basis for denying Cadle the right to register the California judgment. Cadle's point is granted.

The trial court's judgment is reversed. The cause is remanded for further proceedings consistent with this opinion.

SCOTT, C.J. and FRANCIS, J., Concur.