

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| SOPHIA CHU, | ) | No. ED113487 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| | ) | |
| v. | ) | Cause No. 2411-FC01135 |
| | ) | |
| WILLIAM L. NANNA, | ) | Honorable Peter A. Lassiter |
| | ) | |
| Appellant. | ) | Filed: September 16, 2025 |

### Introduction

Appellant William Nanna appeals the circuit court's judgment rendering final the court's prior order denying Appellant's motion to dismiss Respondent Sophia Chu's motion to register a foreign judgment. Appellant raises three points on appeal challenging the validity of Respondent's motion and personal jurisdiction. We address Point II only as it is dispositive. Because Respondent failed to comply with the statutory requirements for filing a verified petition we reverse the circuit court's judgment.

### Factual and Procedural Background

On July 26, 2024, Respondent filed an unverified motion to register a foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Law under Section 511.760 [1] and

---

[1] All Section references are to Missouri Revised Statutes (2024).

Rule 74.14.[2] Respondent's motion sought to register a judgment entered by a Japanese court dissolving the marriage between her and Appellant. Respondent attached a verified copy of the judgment to her motion. Respondent did not request a summons be issued to Appellant pursuant to Section 511.760.4, nor was Appellant ever served with the petition, however, the clerk's office mailed a notice of the foreign judgment's registration to Appellant's address on July 31, 2024, pursuant to Rule 74.14. Respondent additionally filed a garnishment application on Appellant's bank account, which was incorrectly served on a bank in O'Fallon, Missouri, before being served on the correct bank in O'Fallon, Illinois.

Appellant subsequently filed a motion to dismiss the registration of the Japanese decree as a foreign judgment and a motion to quash the garnishment. In his motion to dismiss, Appellant argued that the Japanese divorce decree was not a "foreign judgment" as defined under Section 511.760.1, that Respondent failed to file a properly verified petition under Section 511.760.3, and that he was not properly served pursuant to Section 511.760.4. On October 18, 2024, the circuit court denied Appellant's motion to dismiss and motion to quash the garnishment, and Appellant filed an interlocutory appeal seeking review of the motion to dismiss.[3]

Respondent subsequently filed a motion to compel enforcement of the garnishment, a motion to compel the finalization of her benefits conferred in the Japanese divorce decree, and a motion for appellate attorney's fees. Appellant, in turn, filed a motion for entry of final judgment and a renewed motion to quash the garnishment, arguing that the court lacked *in rem* jurisdiction

---

[2] All Rule references are to the Missouri Supreme Court Rules (2024).

[3] We take judicial notice of our own records in appeal No. ED113078 concerning the interlocutory appeal filed by Appellant. *Abram v. TitleMax of Missouri, Inc.*, 684 S.W.3d 74, 86 (Mo. App. E.D. 2023) ("This Court may take judicial notice of records from other related proceedings involving the same parties upon the Court's own motion.") (citing *Ruff v. Bequette Constr., Inc.*, 669 S.W.3d 701, 707 n.3 (Mo. App. E.D. 2023)).

over the Illinois bank account. A hearing on the parties' motions was held on February 28, 2025. On April 11, 2025, the circuit court issued its order and judgment declaring the October 18, 2024, order as a final judgment for purposes of appeal. The circuit court further granted Appellant's renewed motion to quash the garnishment, denied Respondent's motion for attorney's fees pending appeal, and granted Respondent's motion to compel in part and ordered Respondent to comply with the court's prior judgment regarding pensions and retirements. This appeal follows.

## Standard of Review

A circuit court's decision to register a foreign judgment under Rule 74.14 is a legal conclusion, which we review *de novo. Smith v. DeLeon*, 526 S.W.3d 370, 373 (Mo. App. E.D. 2017) (citing *The Cadle Co. II, Inc. v. Hubbard*, 329 S.W.3d 706, 709 (Mo. App. S.D. 2010)).

## Discussion

Appellant raises three points on appeal. In his first point on appeal, Appellant argues that the circuit court erred in denying his motion to dismiss the registration of the Japanese divorce decree because the circuit court lacked statutory authority under the Uniform Enforcement of Foreign Judgments Law to register the decree, in that it was a judgment of another country and therefore not within the law's definition of "foreign judgment." In his second point on appeal, Appellant asserts that the circuit court erred in denying his motion to dismiss because the court lacked statutory authority in that Respondent failed to file a verified petition to register the Japanese decree as a foreign judgment. Finally, in his third point on appeal, Appellant claims the circuit court erred in denying his motion to dismiss because the court lacked personal jurisdiction over him in that he was never served with any process. Point II is dispositive and therefore we address only that point and decline to issue an advisory opinion as to the other two points.

3

The Uniform Enforcement of Foreign Judgments Law ("UEFJL"), set forth in Section 511.760 and Rule 74.14, governs the registration of foreign judgments in Missouri. Section 511.760 provides, in pertinent part, that "any judgment, decree or order of a court of the United States or of any state or territory which is entitled to full faith and credit in this state" qualifies as a "foreign judgment" for the purposes of the UEFJL. Section 511.760.1(1). "Registration of a foreign judgment occurs under the UEFJL when an authenticated copy of the foreign judgment is filed in the circuit clerk's office." *Berman, Deleve, Kuchan & Chapman, LLC v. 417 Rentals, LLC*, 598 S.W.3d 915, 919 (Mo. App. S.D. 2020) (quoting *Food Servs. Corp. v. Rheam*, 145 S.W.3d 484, 489 (Mo. App. S.D. 2004)). "Compliance with the statutory procedure has been regarded as being mandatory." *HBE Leasing Corp. v. Eckilson*, 769 S.W.2d 178, 182 (Mo. App. S.D. 1989).

Section 511.760.3 provides that "[a] verified petition for registration shall set forth a copy of the judgment to be registered, the date of its entry and the record of any subsequent entries affecting it, all authenticated in the manner authorized by the laws of the United States or of this state, and a prayer that the judgment be registered." Respondent has conceded to this Court that she failed to file such a petition, instead filing a motion to register, and therefore failed to comply with the provisions of Section 511.760. Accordingly, the circuit court erred in denying Appellant's motion to dismiss Respondent's motion to register the foreign judgment because Respondent failed to comply with the statutory requirements for filing a verified petition. *Am. Indus. Res., Inc. v. T.S.E. Supply Co.*, 708 S.W.2d 806, 808 (Mo. App. E.D. 1986) ("strict adherence to the statutory requirements has great importance where one attempts to enforce the liability imposed by another jurisdiction on a citizen of Missouri through registration of a foreign

judgment. This court is reluctant to uphold the dismissal of what may be a valid judgment; the requirement of verification, however, is sound practice and should be enforced.").

## Conclusion

For the foregoing reasons, the judgment of the circuit court denying Appellant's motion to dismiss Respondent's motion to register a foreign judgment is reversed, and we enter judgment dismissing Respondent's motion without prejudice, pursuant to Rule 84.14.[4]

_____
Renée D. Hardin-Tammons, P.J.

Angela T. Quigless, J., and
Thomas C. Clark II J., concur.

---

[4] In his reply brief, Appellant asked for the first time for this Court to reverse and remand with instructions to dismiss Respondent's motion with prejudice, arguing that the inability to register a foreign country judgment prevents Respondent from being able to cure any such defect should she refile her claim. We decline to do so because this Court's decision does not contemplate or determine whether registration of a foreign country judgment is permitted under the UEFJL, as such a decision would be advisory in nature given the disposition of Point II as a threshold issue. Accordingly, we dismiss without prejudice.