609 P.2d 103

Kenneth and Joyce SMITH, Robert and Ramona Martinez, George or Helen Youngheim, Jr., Jim or Margie Myers, Theresita Sosa, John or Audrey Nunn, Edward Otero, Robert or Sylvia Pederson, and Howard or Lois Dittmer, Plaintiffs/Appellants,

v.

PONDEROSA REALTY & DEVELOPMENT, INC., Garnishee/Appellee.

No. 2 CA–CIV 3415.

Court of Appeals of Arizona, Division 2.

Feb. 7, 1980.

Rehearing Denied March 27, 1980.

Scheff & Botwin by Daniel A. Nicolini and S. Leonard Scheff, Tucson, for plaintiffs/appellants.

Russo, Cox, Dickerson & Sylvester, P. C. by J. Patrick Butler, Tucson, for garnishee/appellee.

OPINION

HOWARD, Judge.

Arizona has adopted the 1964 version of the Uniform Enforcement of Foreign Judgments Act, A.R.S. Secs. 12–1701 through 12–1708, which provides an expeditious manner of enforcing the judgments of the courts of the United States and the courts of sister states.

Sec. 12–1702 contains provisions for the filing of an authenticated copy of the judgment with the clerk of the superior court. A.R.S. Sec. 12–1704(C) states:

"No execution or other process for the enforcement of a foreign judgment filed under § 12–1702 shall issue until twenty days after the date the clerk shall have mailed the notice of filing of the foreign judgment."[1]

The issue in this case is whether the 20 days set forth in A.R.S. Sec. 12–1704(C) must be extended an additional day when the 20th day falls on Sunday.

Appellants, pursuant to A.R.S. Sec. 12–1702, filed a New Mexico judgment in the Pima County Superior Court. The notice of filing the judgment was mailed to the judgment debtor on April 30, 1979. On May 21, 1979, a writ of garnishment was issued by the clerk of the court and served on Ponderosa Realty & Development, Inc., garnishee-defendant, the next day. Ponderosa failed to answer the garnishment and a default

---

1. Under Sec. 12–1703 the clerk is required to mail notice of filing to the last known address of the judgment debtor.

judgment was taken against it. This judgment was subsequently vacated and set aside because the writ of garnishment was issued prematurely since the last day of the 20-day period fell on Sunday and the writ of garnishment was issued the following Monday.

Although the Uniform Act does not require the judgment debtor to file any response to the filing of the judgment within the 20-day period, the evident purpose of this 20-day period is to give the judgment debtor an opportunity to stay enforcement of the judgment. While it does appear that under the Act he may do this at any time, the legislature evidently desired to give the judgment debtor a preliminary opportunity to avoid the consequences flowing from the issuance of a writ of execution or writ of garnishment. If the last day falls on a Sunday, the judgment debtor does not have the full extent of the 20-day period conferred by statute.

Rule 6(a), Arizona Rules of Civil Procedure, 16 A.R.S., which is essentially the same as Federal Rules of Civil Procedure, Rule 6(a) states:

> "In computing any period of time prescribed or allowed by these rules, by any local rules, by order of court, *or by any applicable statute*, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. . ."
(Emphasis added)

A.R.S. Sec. 12–1704(C) is an "applicable statute" and the provisions of Rule 6(a) apply. See 4 Wright & Miller, Federal Practice and Procedure Sec. 1162, at fn. 22 (1969); 2 Moore's Federal Practice ¶ 6.06, at 1500.19 (2nd Ed. 1953); *Pennsylvania Public Utility Commission v. United States*, 311 F.Supp. 1024 (M.D.Pa.1970).

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.