2014 ND 150

**DAKOTA HERITAGE BANK, f/k/a First State Bank of Gackle Plaintiff and Appellee**

v.

**Michael J. IACCONE, Trustee for the Willard L. Pankonin bankruptcy estate, Christi J. Pankonin, a/k/a Kristi J. Pankonin, Laverle Carstensen, Paul Modell, Marjorie Modell, and Punchco, Inc., Defendants**

**Christi J. Pankonin, Appellant**

**and**

**Ralph Rivinius and LorRaine Rivinius, Interested Parties.**

No. 20140016.

Supreme Court of North Dakota.

July 17, 2014.

Roger J. Minch, Fargo, N.D., for plaintiff and appellee.

Timothy C. Lamb, Grand Forks, N.D., for appellant.

CROTHERS, Justice.

[¶ 1]  Christi Pankonin appeals from a judgment awarding attorney's fees to Dakota Heritage Bank. Pankonin argues the district court abused its discretion in awarding attorney's fees and the judgment is not enforceable.  We affirm the judgment.

I

[¶ 2]  Willard and Christi Pankonin owned real property in Logan County, which was mortgaged with the Bank. The Bank brought a foreclosure action and a judgment was entered.  Before the Pankonins' redemption period expired, Willard

Pankonin filed for bankruptcy protection in federal court, his interest in the property was transferred to his bankruptcy estate and Michael Iaccone [1] was appointed bankruptcy trustee. The defendants, Christi Pankonin and Iaccone, on behalf of Willard Pankonin's bankruptcy estate, moved for relief from the judgment. Attorney Timothy Lamb represented the defendants. On June 6, 2012, the district court denied the motion for relief and awarded the Bank costs and disbursements without prejudice to any subsequent claim for attorney's fees.

[¶ 3] On July 3, 2012, the Bank moved for sanctions, including attorney's fees, under N.D.R.Civ.P. 11, and N.D.C.C. §§ 28–26–01 and 28–26–31. The Bank argued the defendants repeatedly changed their arguments in support of their motion for relief, their arguments were frivolous and intended to cause unnecessary delay and a significant amount of additional expenses were incurred responding to the frivolous arguments. The defendants opposed the motion. On September 6, 2012, the district court entered an order granting the motion for sanctions. The court found the defendants violated N.D.R.Civ.P. 11 and found an admonishment of Lamb was the appropriate sanction for that violation. The court also found the defendants' claims were frivolous and ordered them to pay $2,100 in attorney's fees under N.D.C.C. § 28–26–01(2). The court found the defendants were not subject to sanctions under N.D.C.C. § 28–26–31.

[¶ 4] Christi Pankonin appealed from the order denying her motion for relief from judgment. This Court affirmed the order and noted the order for sanctions was not appealed. *Dakota Heritage Bank v. Pankonin*, 2013 ND 15, ¶¶ 1–2, 828 N.W.2d 546.

[¶ 5] On July 9, 2013, the Bank filed a proposed order for judgment and a proposed judgment for the ordered attorney's fees. On July 18, 2013, the district court entered a judgment stating, "Dakota Heritage Bank has judgment, jointly and severly [sic], against Michael J. Iaccone, Christi J. Pankonin and Timothy C. Lamb in the total amount of $2,100, the Court having determine[d] that this sum is the joint and several obligation of the defendants and judgment debtors to Dakota Heritage Bank." Notice of entry of judgment was not filed until April 16, 2014.

[¶ 6] On November 5, 2013, the Bank filed a motion to compel Lamb to provide post-judgment discovery responses related to the judgment for attorney's fees. On November 19, 2013, Lamb filed a brief resisting the motion to compel discovery. On January 2, 2014, the district court entered an order compelling Lamb to respond to the Bank's interrogatories and request for production of documents and ordered Lamb pay $250 in attorney's fees.

[¶ 7] On January 10, 2014, Christi Pankonin filed a notice of appeal from the July 18, 2013, judgment awarding the Bank attorney's fees. The notice stated the appeal was timely under N.D.R.App.P. 4(a)(1) because Lamb did not receive notice of entry of the July 18, 2013 judgment and because notice was not filed with the district court. The Bank moved to dismiss the appeal as untimely, arguing notice of entry of judgment was served by mail on July 19, 2013, and Lamb and Pankonin had actual knowledge of the judgment more than sixty days before the notice of appeal was filed.

1. Michael Iaccone's name is spelled two different ways in the record, but both are the same person.

## II

[¶ 8] The Bank moved to dismiss the appeal, arguing the appeal is untimely. The Bank claims the district court entered the judgment awarding attorney's fees on July 18, 2013, and notice of entry of judgment was served by mail on July 19, 2013. The Bank contends the service of notice of entry of judgment started the time limit for an appeal and Pankonin was required to file her notice of appeal within 60 days.

[¶ 9] Under N.D.R.App.P. 4(a), notice of appeal in civil cases must be filed "within 60 days from service of notice of entry of the judgment or order being appealed." The explanatory note for N.D.R.App.P. 4(a) states:

"The time for civil appeals runs from 'service of notice of entry' of the order or judgment. However, service of notice of entry of judgment is not necessary to start the time running for filing a post-judgment motion or appeal if the record clearly evidences actual knowledge of entry of judgment by the affirmative action of the moving or appealing party. See N.D.R.Civ.P. 58(b)."

Rule 58(b)(4), N.D.R.Civ.P., states, "Service of notice of entry of judgment is not required to begin the time for filing a post-judgment motion or an appeal if the record clearly evidences actual knowledge of entry of judgment through the affirmative action of the moving or appealing party."

[¶ 10] Although notice of entry of judgment was not filed until April 16, 2014, the Bank claims it served notice of entry of judgment by mail on July 19, 2013. The Bank filed an affidavit and attached documents to support its claim. Under N.D.R.Civ.P. 58(b), the prevailing party must serve notice of entry of judgment within 14 days after entry of judgment. Rule 5(b), N.D.R.Civ.P., provides the procedural requirements for proper service and states, "A document that is required

to be filed must be served electronically...." The electronic service requirement was included in an amendment to the Rule, which became effective on April 1, 2013, prior to the service of the notice of entry of judgment in this case. *See* N.D.R.Civ.P. 5, explanatory note. The Bank's service by mail on July 19, 2013, did not comply with the procedural requirements for service and notice and, therefore, was not sufficient to start the time period for an appeal.

[¶ 11] The Bank alternatively argues the appeal is untimely because Lamb and Pankonin had actual knowledge of the judgment more than 60 days before Pankonin's notice of appeal was filed on January 10, 2014. The Bank argues actual knowledge exists because it served interrogatories and a request for production of documents on Lamb on August 15, 2013, and it moved to compel post-judgment discovery responses on November 5, 2013. However, actions taken by the Bank are not sufficient to establish Pankonin had actual knowledge of entry of the judgment. *See Thorson v. Thorson*, 541 N.W.2d 692, 694–95 (N.D.1996) (to establish "actual knowledge of entry of the judgment ... requires action evident on the record on the part of the appealing party"). To establish the appealing party had actual knowledge of entry of the judgment the record must show affirmative action by the appealing party. N.D.R.Civ.P. 58(b); *Thorson*, at 694–95. Evidence Lamb or Pankonin had actual knowledge of the judgment must be established by affirmative action on their part. Lamb did not respond to the Bank's motion to compel until November 19, 2013 when he filed a brief resisting the motion. Neither Pankonin nor Lamb took any other affirmative action prior to filing the November 19, 2013 brief. Lamb's brief resisting the motion to compel was filed less than 60 days

before Pankonin's notice of appeal was filed on January 10, 2014.

[¶ 12] Pankonin was not properly served with notice of entry of the judgment and no evidence establishes Pankonin's actual knowledge of entry of the judgment until November 19, 2013. We conclude Pankonin's appeal is timely, and we deny the Bank's motion to dismiss.

### III

[¶ 13] Pankonin argues the district court abused its discretion in awarding the Bank $2,100 in attorney's fees. Under N.D.C.C. § 28–26–01(2), the district court must award reasonable attorney's fees if it determines a claim is frivolous, but "[t]he court has discretion . . . in deciding the amount and reasonableness of [the] award." *Barrett v. Gilbertson*, 2013 ND 35, ¶ 25, 827 N.W.2d 831. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when the court misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.*

[¶ 14] On June 6, 2012 the district court entered an order denying Pankonin's motion for relief and awarded the Bank costs and disbursements without prejudice to any future claim for attorney's fees. On July 3, 2012, the Bank moved for sanctions under N.D.R.Civ.P. 11 and N.D.C.C. §§ 28–26–01 and 28–26–31. Pankonin filed a brief opposing the motion for sanctions. On September 6, 2012, the court ordered $2,100 attorney's fees under N.D.C.C. § 28–26–01(2).

[¶ 15] Pankonin contends the court abused its discretion in ordering attorney's fees because the Bank did not file its motion for attorney's fees within 21 days of the June 6, 2012 order denying Pankonin's motion for relief as she claims

N.D.R.Civ.P. 54(e)(3) requires. Pankonin did not raise this argument in her brief opposing the Bank's motion for sanctions. We generally do not consider issues raised for the first time on appeal. *EVI Columbus, LLC v. Lamb*, 2012 ND 141, ¶ 13, 818 N.W.2d 724. Furthermore, N.D.R.Civ.P. 54(e)(3) states, "A claim for attorneys' fees and related nontaxable expenses not determined by the judgment must be made by motion. The motion must be served and filed within 21 days after notice of entry of judgment." In this case, no evidence shows a notice of the entry of the order denying Pankonin's motion for relief was ever served or filed with the district court. Therefore, the 21–day time limit did not begin to run. The court did not abuse its discretion in awarding the Bank attorney's fees.

### IV

[¶ 16] Pankonin argues the judgment awarding attorney's fees is unenforceable because the notice of entry of judgment was not properly served and filed within 14 days of entry of the judgment.

[¶ 17] Rule 58(b), N.D.R.Civ.P., provides the procedural requirements for notice of entry of judgment in civil cases, and states:

"(1) In General. A notice of entry of judgment must identify the docket number and the date the judgment was signed.

(2) Service. Within 14 days after entry of judgment in an action in which an appearance has been made, notice of entry of judgment in compliance with Rule 58(b)(1) must be served by the prevailing party on the opposing party. A copy of the judgment must be served with the notice of entry.

(3) Filing. The prevailing party must file the notice of entry of judgment. A copy of the judgment may be filed as an attachment to the notice of entry.

(4) Post Judgment Motion or Appeal. Service of notice of entry of judgment is not required to begin the time for filing a post-judgment motion or an appeal if the record clearly evidences actual knowledge of entry of judgment through the affirmative action of the moving or appealing party."

[¶ 18] Pankonin contends she was not properly served with the notice of entry of judgment within 14 days as the rule requires and, therefore, the judgment is not enforceable. She also claims the court's January 2, 2014, order compelling Lamb to respond to the Bank's request for discovery is not enforceable because it is an attempt to enforce the judgment ordering attorney's fees.

[¶ 19] Rule 58(b)(2), N.D.R.Civ.P., requires the prevailing party to serve notice of entry of judgment within 14 days of the entry of the judgment. A judgment is not enforceable unless notice of entry is properly served or the party has actual knowledge of entry of the judgment. *See* N.D.R.Civ.P. 62(a) (no proceedings may be taken to enforce a judgment until 14 days after notice of its entry); *Gress v. Kocourek*, 427 N.W.2d 815, 817 (N.D.1988) ("Enforcement of a judgment . . . depends upon notice of its entry."); *Svihla v. Svihla*, 126 N.W.2d 135, 139 (N.D.1964) (without valid service of notice of entry of a judgment, a party must have actual knowledge of the judgment to be held in contempt for violating the judgment).

[¶ 20] We already have held the notice of entry of judgment was not properly served in this case. The judgment, therefore, was not enforceable against Pankonin until she had actual knowledge of the judgment. However, the Bank did not take any action to enforce the judgment against Pankonin. The judgment awarding attorney's fees was entered against Pankonin, Lamb, and Iaccone. The Bank moved to compel discovery only against Lamb, and the district court's January 2, 2014 order to compel discovery ordered only Lamb to respond to the Bank's discovery requests. No actions were taken against Pankonin to enforce the judgment. Although Lamb represents Pankonin in this appeal, he did not appeal from the order to compel on his own behalf. We will not address whether the court erred in granting the Bank's motion to compel because Lamb did not appeal the order enforcing the judgment against him.

[¶ 21] To the extent Pankonin argues the judgment against her is not valid because she was not properly served with notice of its entry, her argument fails. A judgment becomes effective when the clerk signs and files the judgment and enters it in the register of civil actions. N.D.R.Civ.P. 58(a)(1). A judgment is valid if the court has jurisdiction, even if there are procedural defects with the entry of the judgment or the notice of entry. *See Alliance Pipeline L.P. v. Smith*, 2013 ND 117, ¶ 18, 833 N.W.2d 464; *First Am. Bank & Trust Co. v. George*, 239 N.W.2d 284, 288 (N.D.1976). The failure to properly serve the notice of entry of judgment within 14 days is a procedural error and is not jurisdictional. *See Piccagli v. N.D. State Health Dept.*, 319 N.W.2d 484, 486 (N.D.1982) (time limit for serving notice of entry of judgment under N.D.R.Civ.P. 77(d) is a procedural rule and is not jurisdictional); N.D.R.Civ.P. 58 explanatory note (subdivision (b) was formerly N.D.R.Civ.P. 77(d)). A judgment is not enforceable until notice of entry is properly served or the party has actual knowledge of the judgment, but it is a valid judgment. The judgment ordering Panko-

nin to pay attorney's fees to the Bank is valid.

[¶ 22] Pankonin further argues the judgment is not enforceable because notice of entry was not filed with the district court within 14 days of the entry of the judgment. The notice of entry of the judgment was filed on April 16, 2014. Rule 58(b)(3), N.D.R.Civ.P., does not include any time requirements for filing the notice of entry of judgment.

[¶ 23] Although Pankonin was not properly served with the notice of entry of judgment, no actions were taken against Pankonin to enforce the judgment. Because Pankonin appealed from the judgment, the record now clearly evidences she has actual knowledge of the judgment. We conclude the judgment is valid and enforceable.

V

[¶ 24] We considered all other issues raised and determined they either are frivolous or are without merit and do not affect the outcome of the appeal. We affirm, concluding the district court did not abuse its discretion in awarding the Bank $2,100 in attorney's fees and the judgment awarding the fees is valid and enforceable against Pankonin.

[¶ 25] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER, DALE V. SANDSTROM, concur.