# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

2020 ND 98

---

Rodney Brossart, Susan Brossart and

Thomas Brossart,                                        Plaintiffs and Appellants

      v.

Kelly Janke, Individually and in his

Official Capacity as Sheriff for

Nelson County, Eric Braathen,

Individually and in his Official

Capacity as Deputy Sheriff for

Nelson County, and Nelson County,

North Dakota,                                        Defendants and Appellees

---

No. 20190236

---

Appeal from the District Court of Nelson County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Timothy C. Lamb, Grand Forks, ND, for plaintiffs and appellants.

Howard D. Swanson, Grand Forks, ND, for defendants and appellees.

# Brossart v. Janke
## No. 20190236

**VandeWalle, Justice.**

[¶1]   Plaintiffs appealed from a district court order denying their motion for relief from judgment and granting defendants' motion to compel answers to interrogatories in aid of execution of judgment and awarding attorney's fees. We affirm.

I

[¶2]   In June 2014, Rodney, Thomas, and Susan Brossart, as plaintiffs, filed a lawsuit in North Dakota federal district court against Nelson County, North Dakota, and the sheriff and a deputy sheriff of Nelson County, as defendants. The Brossarts alleged claims under 42 U.S.C. § 1983 and state law. The federal district court granted summary judgment for the defendants. The court subsequently entered judgment against the Brossarts awarding defendants $8,153.08 in costs. The Brossarts did not appeal the judgment awarding costs to the Eighth Circuit Court of Appeals.

[¶3]   On September 12, 2017, the defendants filed the federal judgment awarding costs in the clerk's office in Nelson County district court under N.D.C.C. ch. 28-20.1. On October 5, 2017, the defendants' attorney electronically served the attorney representing the Brossarts in the federal lawsuit notice of the filing of the federal judgment. The Brossarts' attorney did not initially file a notice of representation in the state court action or otherwise claim to represent the Brossarts in the state court action. The Brossarts' attorney did not notify the defendants' attorney that he did not represent the Brossarts in the state court action. However, the record indicates the Brossarts' attorney continued to represent them in the federal action after being served with notice of the filing of the federal judgment, as he made filings relating to the federal lawsuit in the United States Supreme Court subsequent to being served with notice of the filing of the federal judgment. Neither the defendants' attorney nor the clerk of the Nelson County district court mailed or otherwise served on the Brossarts notice of the filing of the federal judgment.

1

[¶4] On February 1, 2019, the defendants' attorney served three sets of interrogatories in aid of execution of judgment, one for each of the three named plaintiffs, on the Brossarts' attorney. Each set of interrogatories contained 73 identical questions. Subparts to the main questions contained in the interrogatories were separately numbered. The Brossarts' were not personally served the interrogatories. However, on appeal the Brossarts acknowledge they were informed of the filing of the federal judgment on or about February 1, 2019.

[¶5] On February 19, 2019, the Brossarts' attorney sent a letter to the defendants' attorney informing him the Brossarts "[had] no intention of completing the form Interrogatories" because the Brossarts believed the federal judgment was procedurally and substantively defective. Nothing in the record indicates there had been communication between the parties' attorneys concerning enforcement of the federal judgment prior to the February 19 letter sent by the Brossarts' attorney. Additionally, there is nothing in the record indicating the Brossarts' attorney represented them in the state court action prior to February 19. After the Brossarts' attorney sent the February 19 letter, the parties' attorneys continued to communicate regarding the interrogatories.

[¶6] The defendants filed a motion to compel answers to the interrogatories on May 6, 2019. On May 7, the Brossarts filed a motion for relief from judgment under N.D.R.Civ.P. 60. The Brossarts argued the federal judgment was invalid and unenforceable because they were not provided proper notice the federal judgment had been filed. The Brossarts also attacked the merits of the federal judgment arguing the federal judgment was invalid because the federal district court did not consider state law, the amount of the federal judgment was unreasonable, and the federal court was not justified in awarding the defendants certain costs of the federal litigation. The Brossarts did not argue the federal court lacked jurisdiction to enter the judgment, they were not afforded adequate due process in federal court, or that the federal judgment was fraudulently procured. On May 10, 2019, the clerk of Nelson County district court mailed the Brossarts notice of filing of the federal judgment.

2

[¶7]   A hearing was held on the parties' motions on July 8, 2019. On July 29, the district court issued an order granting the defendants' motion to compel and denying the Brossarts' motion for relief from judgment. The court also awarded defendants $2,340.00 in attorney's fees after determining the Brossarts' justification for refusing to answer the interrogatories and their motion for relief from judgment were frivolous. The court determined the Brossarts were served notice on October 5, 2017, when the attorney representing them in the federal lawsuit was served notice of the filing of the federal judgment. The court also determined the Brossarts' motion for relief from judgment was a collateral attack on the merits of the federal judgment, which was entitled to full faith and credit.  Additionally, the court found the number of interrogatories served on the Brossarts did not exceed the number permitted under N.D.R.Civ.P. 33. The court reviewed the interrogatories and determined a total of 42 interrogatories were served if subparts were combined with the primary questions.

## II

[¶8]   The Brossarts argue the district court abused its discretion in granting the defendants' motion to compel answers to the interrogatories in aid of execution. "On appeal, we review orders compelling discovery under the abuse of discretion standard." *PHI Fin. Servs. v. Johnston Law Office, P.C.*, 2016 ND 114, ¶ 9, 881 N.W.2d 216 (citing *W. Horizons Living Ctr. v. Feland*, 2014 ND 175, ¶ 11, 853 N.W.2d 36). "A court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned decision, or when it misinterprets or misapplies the law." *Id.*

### A

[¶9]   The Brossarts argue they were under no obligation to answer the interrogatories because they were not served notice of the filing of the federal judgment. North Dakota has adopted the Uniform Enforcement of Foreign Judgments Act (UEFJA) (codified at N.D.C.C. §§ 28-20.1-01 to -08). Under the Act, a foreign judgment is "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in

3

this state." N.D.C.C. § 28-20.1-01. To execute on or enforce a foreign judgment, notice must be provided to the judgment debtor:

> Promptly upon the filing of a foreign judgment and the affidavit, the clerk shall mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall make a note of the mailing in the docket. The notice must include the name and post-office address of the judgment creditor and the judgment creditor's lawyer, if any, in this state. In addition, the judgment creditor may mail a notice of the filing of the judgment to the judgment debtor and may file proof of mailing with the clerk. Lack of mailing notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.

N.D.C.C. § 28-20.1-03(2). "No execution or other process for enforcement of a foreign judgment filed hereunder may issue until ten days after the date the judgment is filed." N.D.C.C. § 28-20.1-03(3).

[¶10] The main purpose of the provisions in § 28-20.1-03 is to provide the judgment debtor with basic due process by informing the debtor of the proceedings against him or her and affording the debtor an opportunity to respond. *See Smith v. Ponderosa Realty & Dev., Inc.*, 609 P.2d 103, 104 (Ariz. Ct. App. 1980); *The Cadle Co. II, Inc. v. Hubbard*, 329 S.W.3d 706, 710 (Mo. Ct. App. 2010); *Concannon v. Hampton*, 584 P.2d 218, 221 (Okla. 1978). In the context of a foreign custody decree, we have stated, "The notice requirement and the automatic stay of enforcement of a foreign judgment until 10 days after it has been filed with the clerk of a district court affords the judgment debtor an opportunity to request a stay of the enforcement of the foreign judgment and, in the case of a foreign custody decree, to also bring an action to modify the decree." *Beck v. Smith*, 296 N.W.2d 886, 892 (N.D. 1980). "If the judgment debtor does not avail himself of that opportunity, the foreign judgment can be enforced by the district court in like manner as a foreign judgment rendered by a court of this state." *Id.*

[¶11] Section 28-20.1-03(3) states execution or other enforcement processes may commence ten days after the date the judgment is filed, not ten days after

4

notice is mailed or served. A plain reading of § 28-20.1-03(3) would allow a judgment creditor to execute on a foreign judgment and begin enforcement proceedings ten days after the judgment is filed regardless of whether notice is mailed to or attempted to be served on the judgment debtor.

[¶12] We interpret and construe statutes to avoid absurd, ludicrous, or illogical results. *Wilkens v. Westby*, 2019 ND 186, ¶ 6, 931 N.W.2d 229; *Mertz v. City of Elgin*, 2011 ND 148, ¶ 7, 800 N.W.2d 710. "We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted." *Wilkens*, at ¶ 6 (quoting *Riemers v. Jaeger*, 2018 ND 192, ¶ 11, 916 N.W.2d 113). Interpreting § 28-20.1-03(3) as allowing a judgment creditor to execute on and enforce a foreign judgment before the judgment debtor receives notice or notice was in good faith attempted to be served on the judgment debtor would lead to absurd, ludicrous, and illogical results and unjust consequences. Construing § 28-20.1-03(3) in a practical manner, giving consideration to the context of the statute and the purpose for which it was enacted, a judgment creditor may not execute on or commence other processes for enforcement of a foreign judgment until the notice procedures provided in § 28-20.1-03(2) have been satisfied.

[¶13] We previously decided a case involving improper notice under § 28-20.1-03(2). *Beck v. Smith*, 296 N.W.2d 886 (N.D. 1980). In *Beck*, a Maryland court entered judgment in June 1975, granting Phaon Beck a decree of divorce from Carol Beck and awarding Phaon Beck custody over the parties' minor children and Carol Beck visitation. *Id.* at 887. In June 1980, Carol Beck filed an action in Nelson County, North Dakota, district court seeking a modification of the Maryland custody decree. *Id.* Phaon Beck filed a certified copy of the Maryland custody decree and a motion for an ex parte order to enforce the decree in Grand Forks County, North Dakota, district court on July 14, 1980. *Id.* at 888. Carol Beck was not notified of the filing of the Maryland custody decree in Grand Forks County district court. *Id.* at 893. On the same day, the district court granted Phaon Beck's motion and issued an ex parte order enforcing the Maryland custody decree. *Id.* at 888. On appeal, this Court held enforcement of the Maryland custody decree was not accomplished in compliance with

5

N.D.C.C. ch. 28-20.1 because Carol Beck was not notified of the filing of the Maryland custody decree as required under § 28-20.1-03(2) and because a ten-day period had not elapsed before the court issued its ex parte order as required under § 28-20.1-03(3). *Id.* at 893. We stayed enforcement of the district court's ex parte order until ten days had elapsed from the date Carol Beck was provided proper notice under § 28-20.1-03(2). *Id.*

[¶14] In the proceedings before the district court, the Brossarts argued lack of proper notice rendered the federal judgment invalid and unenforceable. On appeal, the Brossarts concede lack of proper notice does not invalidate the federal judgment and instead argue that, under *Beck*, lack of proper notice stays enforcement proceedings until notice is provided pursuant to § 28-20.1-03(2).

[¶15] We agree with the Brossarts to the extent they argue they were not served notice in compliance with § 28-20.1-03(2) before the defendants commenced enforcement proceedings by serving interrogatories in aid of execution. The defendants' attorney served notice of the filing of the foreign judgment on the Brossarts' attorney on October 5, 2017. Section 28-20.1-03(2) requires notice be mailed to the judgment debtor by either the clerk of court or the judgment creditor. The record does not indicate why the clerk did not mail notice to the Brossarts pursuant to § 28-20.1-02(2). Serving notice on the Brossarts' attorney does not comply with § 28-20.1-03(2).

[¶16] The defendants argue N.D.R.Civ.P. 5(b)(2)(A) required notice to be electronically served on the attorney representing the Brossarts in the federal action. Rule 81, N.D.R.Civ.P., states, "Special statutory proceedings . . . are excluded from these rules to the extent they are inconsistent or in conflict with the procedure and practice provided by these rules." Because the notice requirements provided in § 28-20.1-03(2) are in conflict with the procedures in Rule 5, and under Rule 81, the requirements provided in statute prevail.

[¶17] Adhering to our decision in *Beck*, we also agree with the Brossarts' contention that enforcement proceedings are stayed until the notice procedures provided in § 28-20.1-03(2) are adequately complied with. Whether or not

enforcement proceedings are stayed from the time the judgment debtor acquires knowledge of the filing of a foreign judgment without having been mailed notice is immaterial here because, under the facts of this case, the result is the same. *See Dakota Heritage Bank v. Iaccone*, 2014 ND 150, ¶ 21, 849 N.W.2d 219 (stating that under N.D.R.Civ.P. 58 "[a] judgment is not enforceable until notice of entry is properly served or the party has actual knowledge of the judgment").

[¶18] The Brossarts contend they learned of the filing of the federal judgment on or about February 1, 2019, when their attorney was served with the interrogatories in aid of execution. The first affirmative act demonstrating the Brossarts had actual knowledge of the filing of the federal judgment was their attorney's February 19, 2019, letter acknowledging the filing of the federal judgment and stating the Brossarts would not be answering the interrogatories because they believed the federal judgment was invalid on its merits. Notice pursuant to § 28-20.1-03(2) was mailed to the Brossarts on May 10, 2019. The district court issued its order granting the defendants' motion to compel and denying the Brossarts' motion for relief from judgment on July 29, 2019. Whether enforcement proceedings were stayed for a period of ten days from February 1, February 19, or May 10 is immaterial because the court did not issue its order until more than ten days after the Brossarts were provided notice, whether it be constructive notice or actual notice pursuant to § 28-20.1-03(2).

[¶19] The purpose of the notice provisions in the UEFJA is to inform the debtor of the proceedings against him or her and allow the debtor an opportunity to respond. The Brossarts were informed of the filing of the foreign judgment prior to the court issuing its order. The Brossarts were also afforded an opportunity to respond and raise defenses to the enforcement of the federal judgment, which they did in their motion for relief from judgment. The same remedies were available to the Brossarts at all times during the proceedings as would have been had they been mailed notice pursuant to § 28-20.1-03(2). Because the Brossarts were informed of the proceedings against them and had an opportunity to respond prior to the court issuing its order, the Brossarts suffered no prejudice from the failure to promptly comply with § 28-20.1-03(2).

7

[¶20] The district court erred, as a matter of law, in its conclusion that the Brossarts were provided notice under § 28-20.1-03(2) through the notice of filing of the federal judgment served on the attorney who represented the Brossarts in the federal lawsuit. Section 28-20.1-03(2) required the clerk of court or the defendants to mail notice of the filing of the federal judgment to the Brossarts, not their attorney. However, the Brossarts were informed of the proceedings against them and were afforded an opportunity to respond and raise defenses. The Brossarts were not prejudiced from the failure to promptly comply with § 28-20.1-03(2). Therefore, the district court did not abuse its discretion by ordering the Brossarts answer the interrogatories.

B

[¶21] The Brossarts argue the number of interrogatories served on them exceeds the limit allowed under N.D.R.Civ.P. 33(a)(3). The Brossarts contend the defendants were not permitted to serve interrogatories on each of them separately, and each set of interrogatories that was served on them separately exceeded the 50 interrogatory limit provided for in Rule 33. Whether the defendants were permitted to serve each plaintiff with a separate set of interrogatories involves an interpretation of Rule 33, which we review de novo. *See PHI Fin. Servs.*, 2016 ND 114, ¶ 17, 881 N.W.2d 216. We review the district court's determination that the interrogatories served on the Brossarts did not exceed the number allowed under Rule 33 for an abuse of discretion. *See id.* at ¶ 9.

[¶22] "Unless otherwise stipulated or ordered by the court, a party may serve on *any other party* no more than 50 written interrogatories." N.D.R.Civ.P. 33(a)(3) (emphasis added). "Interrogatory subparts are not counted as separate interrogatories if they are logically or factually subsumed within and necessarily related to the primary question." *Id.* The explanatory note to Rule 33 states:

> Each party is allowed to serve 50 interrogatories *on any other party* . . . . Parties cannot evade this limitation by joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular

type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

(Emphasis added.)

[¶23] Rule 33 allows each party to serve 50 interrogatories "*on any other party*." The Rule does not set a combined limit of 50 interrogatories that may be served on all the plaintiffs or defendants to a lawsuit. Rather, a plain reading of the Rule allows up to 50 interrogatories to be served on any party to an action. *See Bradfield v. Donahue*, No. 13-1310-JDT-egb, 2016 WL 5661855, at *2 (W.D. Tenn. Sept. 29, 2016); *Semsroth v. City of Wichita*, No. 06-2376-KHV-DJW, 2008 WL 1924945, at *3 (D. Kan. Apr. 28, 2008). Rodney, Thomas, and Susan Brossart were all named as plaintiffs. The three Brossarts were each separate parties to the action. Serving post-judgment interrogatories in aid of execution on each of the Brossarts concerning their joint and separate property was not unreasonable because each of the Brossarts was jointly and severally liable for the judgment. *See Heller v. Prod. Credit Ass'n of Minot*, 462 N.W.2d 125, 127-28 (N.D. 1990). Under Rule 33, the defendants were permitted to serve separate interrogatories on each of the three named plaintiffs.

[¶24] Defendants served the same set of interrogatories on Rodney, Thomas, and Susan Brossart. Each set of interrogatories contained 73 questions. The district court determined a total of 42 interrogatories had been served on the Brossarts when subparts were included in the primary question. After a thorough and complete review of the interrogatories served on the Brossarts, we conclude the district court did not err in finding that defendants served a total of 42 interrogatories on each of the Brossarts. The district court logically combined the primary questions and their subparts in accord with Rule 33. The district court did not abuse its discretion by compelling the plaintiffs to answer the interrogatories served on them by the defendants.

## III

[¶25] Plaintiffs argue the district court erred by awarding attorney's fees under N.D.C.C. § 28-26-01(2) and N.D.R.Civ.P. 11(b). Section 28-26-01(2), N.D.C.C., states, "the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party." Under § 28-26-01(2), a district court has discretion "to decide whether a claim is frivolous and the amount and reasonableness of an award of attorney fees, but when the court decides a claim is frivolous, the court must award attorney fees." *Rath v. Rath*, 2016 ND 46, ¶ 26, 876 N.W.2d 474 (quoting *Estate of Pedro v. Scheeler*, 2014 ND 237, ¶ 14, 856 N.W.2d 775). A claim is frivolous "if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor." N.D.C.C. § 28-26-01(2). "We review a court's decision under both the rule and the statute for an abuse of discretion." *N.D. Private Investigative & Sec. Bd. v. TigerSwan, LLC*, 2019 ND 219, ¶ 20, 932 N.W.2d 756 (citing *Kuntz v. State*, 2019 ND 46, ¶ 20, 923 N.W.2d 513; *In re Estate of Hogan*, 2019 ND 141, ¶ 11, 927 N.W.2d 474).

[¶26] The district court found plaintiffs' justification for refusing to answer the interrogatories and their collateral attack on the federal judgment through their motion for relief from judgment under N.D.R.Civ.P. 60 was frivolous because it violated the Full Faith and Credit Clause of the United States Constitution and state law. Accordingly, the court awarded the defendants $2,340 in attorney's fees based on estimates submitted to the court by the defendants' attorney.

[¶27] The Full Faith and Credit Clause of the United States Constitution provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. art. IV, § 1.

[¶28] In applying the Uniform Enforcement of Foreign Judgments Act, we have stated, "constitutional full faith and credit is afforded to foreign judgments even though a similar judgment could not be obtained in the forum state as a matter of law, or though the judgment could not be obtained in the forum state as a matter of strong public policy." *Am. Standard Life & Acc. Ins. Co. v. Speros*, 494 N.W.2d 599, 602 (N.D. 1993) (internal citations omitted); *1st Summit Bank v. Samuelson*, 1998 ND 113, ¶ 13, 580 N.W.2d 132. However, we have recognized foreign judgments are not entitled to full faith and credit under certain circumstances such as when they are rendered in violation of due process in the rendering state, *see Gray v. N.D. Game & Fish Dep't*, 2005 ND 204, ¶ 18, 706 N.W.2d 614, when the rendering court lacks jurisdiction, *see Darling & Co. v. Burchard*, 69 N.D. 212, 284 N.W. 856, 859 (1939), or when the judgment is procured through fraud in the rendering state, *see Shary v. Eszlinger*, 45 N.D. 133, 176 N.W. 938, 942-43 (1920).

[¶29] The Brossarts' entire basis for refusing to answer the defendants' interrogatories was their belief that improper notice rendered the federal judgment invalid and unenforceable. A cursory review of the law on foreign judgments makes clear improper notice of the filing of a foreign judgment does not per se render a foreign judgment invalid, *see e.g.*, *Beck v. Smith*, 296 N.W.2d 886, 893 (N.D. 1980); *Miller v. Eloie Farms, Inc.*, 625 P.2d 332, 333 (Ariz. Ct. App. 1980); *The Cadle Co. II, Inc. v. Hubbard*, 329 S.W.3d 706, 710 (Mo. Ct. App. 2010); *Sparaco v. Sparaco*, 765 N.Y.S.2d 683, 685-86 (N.Y. App. Div. 2003); *Bank of Am., N.A. v. Dasovich*, 415 P.3d 547, 554 n.10 (Okla. Civ. App. 2017), and on appeal the Brossarts concede such an argument is without merit.

[¶30] In their motion for relief from judgment, the Brossarts argued the federal judgment was invalid because the federal district court did not consider state law, the amount of the federal judgment was unreasonable, and the federal court was not justified in awarding the defendants certain costs of the federal litigation. The Brossarts did not argue the federal court lacked jurisdiction to enter the judgment, they were not afforded adequate due process in federal court, or that the federal judgment was fraudulently procured. The Brossarts did not appeal the federal judgment in federal court. The Brossarts' motion for

11

relief from judgment was a collateral attack on the merits of the unappealed federal judgment.

[¶31] Under basic principles of law, the federal judgment was entitled to full faith and credit, and the Brossarts did not raise any viable defense as to why the federal judgment was invalid or unenforceable. The Brossarts correctly assert they were not initially provided notice of the filing of the foreign judgment pursuant to N.D.C.C. § 28-20.1-03(2), but their justification for refusing to answer the interrogatories and their basis for their motion for relief from judgment were completely without merit. The district court did not abuse its discretion in finding the Brossarts' claims were frivolous and awarding attorney's fees.

## IV

[¶32] The parties' remaining arguments are either without merit or unnecessary to our decision, and we decline to address them.

## V

[¶33] The district court's order is affirmed.

[¶34] Gerald W. VandeWalle
      Jon J. Jensen, C.J.
      Daniel J. Crothers
      Jerod E. Tufte
      Lisa Fair McEvers